**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**J.R.,** *by and through his parents,
David Reid and Corinne Reid,*
**et al.,**

                   **Plaintiffs,**               5:11-cv-843
                                                                     (GLS/TWD)
                 **v.**

**ADVANCED BIONICS, LLC et al.,**

                   **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Glassman, Edwards Law Firm | EDWIN E. WALLIS, III, ESQ. |
| 26 N. Second Street | J. TIMOTHY EDWARDS, ESQ. |
| Memphis, TN 38103 | |
| | |
| Office of Sidney P. Cominsky | KRISTIE MARIE CARTER, ESQ. |
| 1500 State Tower Building | SIDNEY P. COMINSKY, ESQ. |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANTS:** | |
| *Advanced Bionics, LLC & Corp.* | |
| Wheeler, Trigg Law Firm | KARA J. ROSENTHAL, ESQ. |
| 370 Seventeenth Street, Suite 4500 | CRAIG R. MAY, ESQ. |
| Denver, CO 80202 | |
| | |
| Hancock, Estabrook Law Firm | ASHLEY D. HAYES, ESQ. |
| 1500 AXA Tower I | JOHN L. MURAD, JR., ESQ. |
| Syracuse, NY 13221 | |
| | |
| *Astro Seal, Inc.* | |
| Thorn, Gershon Law Firm | AMANDA K. KURYLUK, ESQ. |
| Albany Office | MATTHEW H. McNAMARA, ESQ. |

5 Wembley Court
New Karner Road
P.O. Box 15054
Albany, NY 12212-5054

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs J.R., by and through his parents David and Corinne Reid, and the Reids individually, commenced this action against defendants Advanced Bionics, LLC, Advanced Bionics Corporation (collectively "Advanced Bionics"), and Astro Seal, Inc., alleging multiple causes of action under New York law. (*See* Compl., Dkt. No. 1, Attach. 1.) Pending is Astro Seal's motion to dismiss for lack of personal jurisdiction. (*See* Dkt. No. 49.) For the reasons that follow, the motion is granted.

## II. Background[1]

As a manufacturer of "precision glass-to-metal hermetic seals," Astro

---

[1] The court limits its recitation to the background relevant to the jurisdictional question before it. Given that plaintiffs and Astro Seal were permitted to conduct jurisdictional discovery, the court may consider more than just the pleadings in resolving the instant motion. *See Ensign–Bickford Co. v. ICI Explosives USA Inc.*, 817 F. Supp. 1018, 1026-27 (D. Conn. 1993).

Seal—a California corporation with a principal place of business in Riverside, California—contracted with Advanced Bionics "to supply certain components for Advanced Bionic's cochlear implant." (Dkt. No. 49, Attach. 12 ¶¶ 3-5.) The entire transaction between Astro Seal and Advanced Bionics, including the negotiation and execution of the contract, the fabrication of the components and the delivery of them, occurred in California. (*See id.* ¶¶ 5-8.) Furthermore, once the components were delivered to Advanced Bionics, Astro Seal had neither knowledge nor control over where the completed implants were sold. (*See id.* ¶ 9.) More broadly, Astro Seal manufactures all of its products, and receives all payments therefor, in California. (*See id.* ¶ 10.)

Plaintiffs aver that Astro Seal's feed thru component was defective, and caused J.R. to endure, among other things, multiple surgical procedures to treat his hearing condition. (*See* Compl. ¶¶ 32-52.) Consequently, plaintiffs commenced this action against defendants in New York State Supreme Court on June 6, 2011. (*See* Dkt. No. 1 ¶ 1.) Defendants subsequently removed the case to this court, and thereafter, Astro Seal filed a pre-answer motion to dismiss for lack of personal jurisdiction. (*See* Dkt. Nos. 1, 9.) In response to that motion, plaintiffs

3

sought limited jurisdictional discovery.  (*See* Dkt. No. 15 ¶ 4(B).)  The court granted that request and denied Astro Seal's motion pending the completion of jurisdictional discovery, which finished, without depositions, on September 12, 2012, (*see* Dkt. No. 47).  As it was permitted to do, Astro Seal renewed its motion to dismiss.  (*See* Dkt. No. 49.)

### III.  Standard of Review

To resolve questions of personal jurisdiction, the court must conduct a two-part inquiry.  First, the court "'determine[s] whether there is jurisdiction over the defendant under the relevant forum state's laws.'"  *Xiu Feng Li v. Hock*, 371 F. App'x 171, 174 (2d Cir. 2010) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)).  Assuming there is, the court next asks if the exercise of jurisdiction comports with the requirements of federal due process.  *See id.*  The burden of proving personal jurisdiction rests with the plaintiff.  *See, e.g.*, *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  Normally, a plaintiff may rely on the pleadings and supporting affidavits to make a prima facie showing of jurisdiction.  *Bank Brussels*, 171 F.3d at 784.  Such is not the case though, where the court has either conducted an evidentiary hearing or permitted jurisdictional discovery.  *See*

4

*id.* While the former requires proof of jurisdiction by a preponderance of the evidence, *see Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981), the latter scenario, which is the case here, elevates the prima facie showing necessary to survive a motion under Rule 12(b)(2). *See Bank Brussels*, 171 F.3d at 784. Stated another way, where the parties have conducted jurisdictional discovery, the plaintiff, in response to a motion to dismiss for lack of personal jurisdiction, "must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Id.* (internal quotation marks and citations omitted).

## IV.  Discussion

Astro Seal argues that even after conducting jurisdictional discovery, plaintiffs still cannot establish that it has sufficient contacts under either New York's general or long arm jurisdiction statutes. (*See* Dkt. No. 49, Attach. 5 at 3-11.) Relying on largely the same evidence and arguments that they presented in response to Astro Seal's first motion to dismiss, (*see generally* Dkt. No. 15, Attach. 9), plaintiffs counter that jurisdiction exists under either provision. (*See* Dkt. No. 50, Attach. 4 at 1-5.) The court agrees with Astro Seal.

5

Under New York law, a foreign corporation "doing business" in the state is deemed "present," and is thus "subject to personal jurisdiction with respect to any cause of action, related or unrelated to [its] New York contacts." *Xiu Feng Li*, 371 F. App'x at 174 (internal quotation marks and citation omitted); *see* N.Y. C.P.L.R. 301 (McKinney 2010). A finding of presence is inappropriate where the corporation conducts occasional or casual business in New York. *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990). Rather, general jurisdiction is only appropriate over a foreign corporation that maintains permanent, continuous and substantial contacts with New York. *See id.* To this end, New York courts generally focus "on the following indicia of jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." *Id.* Although relevant, the solicitation of business, standing alone, is insufficient to confer general jurisdiction, unless that solicitation "is substantial and continuous, and [the] defendant engages in other activities of substance in the state." *Id.*

Here, the unchallenged declaration of Astro Seal's president, Michael

Hammer, explains that Astro Seal has never had any of the following in New York: an office, bank account or telephone number; officers, agents or employees; or a designated agent for service of process.  (*See* Dkt. No. 49, Attach. 12 ¶¶ 11-13.)  Moreover, Astro Seal has never owned any property, real or otherwise, in New York, and is not registered to transact business there.  (*See id.* ¶¶ 14-15.)  Finally, it "does not advertise or solicit business in periodicals or media specifically directed at residents of New York."  (*Id.* ¶ 16.)  In fact, Astro Seal's only identified contact with New York is its website, which is viewable there, but not specifically directed toward New York residents.  (*See id.* ¶¶ 17-18.)

Despite being provided the opportunity for discovery, plaintiffs counter with the same conjecture and tenuous connections they presented in their initial response.  (*Compare* Dkt. No. 50, Attach. 4 at 1-2, *with* Dkt. No. 15, Attach. 9 at 2-4.)  With the exception of identifying websites where Astro Seal's products are mentioned, which themselves are insufficient to confer general jurisdiction, *see, e.g.*, *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 408 (S.D.N.Y. 2002), and eluding to the "[c]ontinuous[] . . . substantial revenue" it derives from New York, (*see* Dkt. No. 50, Attach. 4 at 1-2), plaintiffs fail to adduce any evidence that

7

demonstrates that Astro Seal has "continuous, permanent and substantial activity in New York." *Landoil Res. Corp.*, 918 F.2d at 1043. Given that there is no indication that Astro Seal is present in New York, it is not amenable to general jurisdiction.

Even so, Astro Seal may nonetheless be subject to personal jurisdiction under New York's long-arm statute, which provides, in pertinent part, specific jurisdiction over a foreign corporation which, among other things,

> commits a tortious act without the state causing injury to person or property within the state, . . . if [it] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]

N.Y. C.P.L.R. 302(a)(3).[2] Although this section provides a means of establishing jurisdiction, plaintiffs again failed to present "facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Bank Brussels*, 171 F.3d at 784 (internal quotation marks and citations omitted).

---

[2] Because plaintiffs limit their argument to section 302(a)(3), (*see* Dkt. No. 50, Attach. 4 at 2-5), the court need not address the remaining bases of long arm jurisdiction. *See* N.Y. C.P.L.R. 302(a).

8

Without explicating the nature of the relationships, or the revenue derived from them, plaintiffs submitted a list of Astro Seal's customers in New York with whom they allege Astro Seal "regularly conducts business." (Dkt. No. 50, Attach. 4 at 3-4; *see* Dkt. No. 50, Attach. 2.)  They further aver, in conclusory fashion, that Astro Seal maintains "an ongoing business relationship" with a corporation in New York, "which allows its products to be distributed throughout the world." (Dkt. No. 50, Attach. 4 at 4.)  And finally, plaintiffs argue that the 1.694% of revenue that Astro Seal received from sales in New York from 2001 to 2011 is "substantial." (*Id.* at 3.)  Simply put, the court is unpersuaded.

Not only are plaintiffs unable to prove that Astro Seal regularly conducts or solicits business in New York, or "derives substantial revenue" from it, but they also make no mention of, and consequently cannot show, the revenues Astro Seal receives from interstate or international commerce.  N.Y. C.P.L.R. 302(a)(3)(i)-(ii).  While arguments alone may suffice where a court deems jurisdictional discovery unnecessary, plaintiffs have not carried their burden of demonstrating that the court has personal jurisdiction over Astro Seal.  *See Bank Brussels*, 171 F.3d at 784.  It follows that Astro Seal's motion to dismiss is granted.

9

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Astro Seal's motion to dismiss (Dkt. No. 49) is **GRANTED**; and it is further

**ORDERED** that Astro Seal is **TERMINATED** as a party; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 9, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court